UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| ABDUL HUSSAIN;<br>　15047 29th Ave<br>　Flushing, NY 11354<br><br>　　　　Plaintiff(s)<br><br>　　　　v.<br><br>ALEJANDRO MAYORKAS, in his official capacity, Secretary, U.S. Department of Homeland Security;<br>UR M. JADDOU, in her official capacity, Director, U.S. Citizenship and Immigration Services;<br>　2707 Martin Luther King Jr. Ave, SE<br>　Washington, DC 20528-0485<br><br>MERRICK B. GARLAND, in his official capacity, Attorney General, Office of Attorney General, U.S. Department of Justice;<br>　950 Pennsylvania Avenue, NW<br>　Washington, DC 20530-0001<br><br>　　　　Defendant(s). | Civil Action No **1:22-cv-415** |

**PLAINTIFF'S ORIGINAL COMPLAINT
FOR WRIT IN THE NATURE OF
MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT**

Hashim G. Jeelani, Attorney for Plaintiff, JEELANI LAW FIRM, PLC, 28411 Northwestern Hwy, Suite 875, Southfield, Michigan 48034, Ph: 248-850-7841, Facsimile: 312-767-9030, Email: hashim@jeelani-law.com.

**INTRODUCTION**

1

COMES NOW ABDUL HUSSAIN, (hereinafter "HUSSAIN" or "Plaintiff"), by and through the undersigned attorney, in the above cause, and states as follows:

1. Plaintiff HUSSAIN is the beneficiary of an approved Form I-360, Petition for Amerasian, Widow(er), or Special Immigration (hereinafter "VAWA Petition")[1]. Plaintiff lawfully filed a self-petition with the United States Citizenship and Immigration Service ("USCIS") on account of him being the victim of abuse and extreme cruelty by his former U.S. Citizen Spouse. By virtue of his approved VAWA Petition, Plaintiff was eligible to file Form I-485, Application for Adjustment of Status ("Application") to receive permanent resident status in the U.S. The Application was filed nearly a decade ago on October 18, 2012. HUSSAIN timely, completely, and lawfully filed the requisite Application to apply for permanent resident status by virtue of his VAWA Petition.

2. This action is brought as a result of Defendants' failure to adjudicate Plaintiff's Application within a reasonable period of time. The Application has been in pending status since October 18, 2012, for a period of nine years and three months, which is over 15 times the historical average processing time for similar filings made in 2017[2]. The Plaintiff has a clear right to adjudication of his Application in a timely manner. The final adjudication of the

---

[1] On September 13, 1994, President Clinton signed the Violence Against Women Act into law as a part of a larger crime bill entitled the Violent Crime Control and Enforcement Act of 1994. VAWA provides funding and technical support, as well as important legal protections, to victims of domestic violence, sexual assault and stalking. *See* VAWA 1994, Pub. L. 103-322, Title IV, Sept. 19, 1994, *amended by* the Battered Immigrant Woman Protection Act of 2000, Pub. L. 106-386, Oct. 28, 2000, the Violence Against Women and Department of Justice Reauthorization Act of 2005, Pub. L. 109-162, Jan. 5, 2006, and the Violence Against Women Reauthorization Act of 2013, Pub. L. 113-4, Mar. 7, 2013. The immigrant provisions of VAWA, and the regulations promulgated to interpret and enforce those provisions, provide legal remedies that permit victims of domestic violence to legalize their status independent of their abusers. *See* 8 U.S.C. §§ 1154(a)(1)(A)(iii) and 1154(a)(1)(A)(iv). VAWA was intended to protect immigrant survivors from adverse immigration consequences associated with leaving their abusive U.S. citizen or lawful permanent resident family member.

[2] *See* USCIS Historical Processing Times at: https://egov.uscis.gov/processing-times/historic-pt

Application is a ministerial, nondiscretionary task that Defendants must perform within a reasonable period of time. 5 U.S.C. §555(b).

3. Defendants are in violation of the Administrative Procedure Act, 5 U.S.C. § 701 et seq. As such, this action is brought to compel Defendants and those acting under them to take action on the Application.

## PARTIES

4. Plaintiff ABDUL HUSSAIN is a resident of Queens County, New York. He is the beneficiary of an approved VAWA Petition. The approved VAWA Petition allows beneficiary qualification for him to adjust her status to a permanent resident of the United States. Plaintiff HUSSAIN is also the applicant of a Form I-485, Application for Adjustment of Status.

5. Defendant ALEJANDRO MAYORKAS is the Secretary of the United States Department of Homeland Security (hereinafter "DHS"). This action is filed against him in his official capacity. Defendant MAYORKAS is responsible for the enforcement of the INA and for the delegation of adjudicatory and discretionary authority to other employees of the DHS and USCIS pursuant to 8 U.S.C. § 1103(a); 8 C.F.R. § 2.1.

6. Defendant UR M. JADDOU is the Director of USCIS; she is an official generally charged with supervisory authority over all operations of USCIS under 8 C.F.R. § 103.1. This action is filed against her in her official capacity.

7. Defendant MERRICK B. GARLAND is the Attorney General of the United States; he is an official generally charged with supervisory authority over all operations of the Department of Justice (hereinafter "DOJ") under 28 C.F.R. § 0.5. This action is filed against him in his official capacity.

## JURISDICTION AND VENUE

8.      This Court has jurisdiction to hear this complaint and the claims stated herein by virtue of 28 U.S.C. §§ 1331, § 1361 and §2201 because this is a federal mandamus action brought to compel Defendants to perform their statutory duties owed to the Plaintiff. This Court has additional jurisdiction by virtue of the Administrative Procedures Act, 5 U.S.C. § 701, *et seq.*, because Plaintiff is seeking judicial review of inaction by one or more of the Defendants.

9.      Venue is proper in the District Court for the District of Columbia pursuant to 28 U.S.C. § 1391(e) in that this is the district in which one of the Defendants resides.

## EXHAUSTION OF REMEDIES

10.     The Plaintiff has repeatedly requested the Defendants to make a final decision on the Application.  Further, Plaintiff has initiated numerous inquiries with USCIS, directly and through his Congressman's Office. After such requests and inquiries failed, Plaintiff notified the Defendants of his intent to file suit. The Defendants have failed to respond to such notice. The threat of judicial intervention has been meaningless in expediting a resolution.

11.     The Plaintiff has exhausted his administrative remedies. The Plaintiff has supplied USCIS with documents that establish his eligibility for approval of his Application.

12.     There are no further administrative remedies available for the Plaintiff to utilize.

## FACTUAL ALLEGATIONS

13.     On October 18, 2012, Plaintiff HUSSAIN properly filed, Form I-485, Application for Adjustment of Status with USCIS (Receipt# EAC-13-015-50673).  **[EXHIBIT A].**

14.     On January 21, 2015, Plaintiff attended a biometrics appointment scheduled by USCIS in conjunction with his Application. **[EXHIBIT B].**

15. Since submitting his biometrics, USCIS has made repeated requests for I-693 Medical Examinations to be resubmitted after they expired while pending USCIS adjudication; Plaintiff has provided the responsive I-693 Medical Examinations in every instance without delay.

16. Plaintiff has made numerous inquiries over the past nine years and three months with USCIS and has requested an adjudication of his Application.

17. Plaintiff's inquiries have resulted in continuous responses from USCIS stating that the Plaintiff's Application is still pending review or in securities checks.

18. Plaintiff's Application now continues to be pending with USCIS for nearly a decade.

19. USCIS has published a historical average processing time in 2017 of 7.4 months for the adjudication of Form I-485.  Plaintiff's Application has been pending for over 111 months, which is over 15 times the historical average processing time as reported by USCIS.

20. Defendants have refused to provide further explanation which would merit the need for nearly 10 years of processing time.

21. Plaintiff has endured significant financial and emotional burdens as a result of the unreasonable period of time that his case has been in administrative processing.

22. Plaintiff HUSSAIN has been deprived of the opportunity to have accumulated sufficient time as a permanent resident to become a U.S. citizen.

23. Moreover, Plaintiff has incurred significant attorney's fees and has lost numerous employment opportunities due to the Defendants' failure in adjudicating Plaintiff's Application within a reasonable period of time.

## COUNT I

### VIOLATION OF THE APA - FORM I-485

24. All prior paragraphs are re-alleged as if fully stated herein.

25. Plaintiff HUSSAIN has a statutory right to apply for adjustment of his status to a permanent resident by filing Form I-485, Application for Adjustment of Status pursuant to INA 245(a).

26. Defendants have a duty to adjudicate HUSSAIN's Application within a reasonable period of time under 5 U.S.C. §555(b).

27. The duty owed to Plaintiff is ministerial and so plainly prescribed as to be clear and free from doubt.

28. No other adequate remedy is available to Plaintiff.

29. Defendants have conducted the initial investigation and have sufficient information and documentation about Plaintiff to adjudicate the Application.

30. Given the Defendants' lack of a reason for not making a decision on Plaintiff HUSSAIN's Application for nearly 10 years, Plaintiff's Application has been pending for an unreasonably long period of time.

31. Defendants have failed in their statutory duty to adjudicate the Application in a reasonable time.

32. Defendants have violated the Administrative Procedures Act, 5 U.S.C. § 701 et seq., as they are unlawfully withholding action on HUSSAIN's Application and have failed to carry out the adjudicative functions delegated to them by law with regard to HUSSAIN's case.

33. Defendants' delay in this case is, as a matter of law, arbitrary, and not in accordance with the law. Defendants have willingly and unreasonably delayed and have refused to adjudicate Plaintiff HUSSAIN's Application, thereby depriving Plaintiff of the rights to which he is entitled.

34. In addition, as a result of this delay, Plaintiff has incurred enormous costs and significant attorney's fees. Further, Plaintiff HUSSAIN has been unable to receive his permanent resident status and has lost time which would have accrued towards his qualification to naturalize as a U.S. Citizen. In effect, Plaintiff's life is on hold due to Defendants' inaction.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully prays:

1. That the Defendants be cited to appear herein and that, upon due consideration, the Court enter an order mandating a time certain to adjudicate Plaintiff's Application.

2. In the alternative, that the Court compel Defendants, and those acting under them, to perform their duty to adjudicate Plaintiff's Application immediately.

3. Finally, that the Court award reasonable attorney's fees under the Equal Access to Justice Act, 5 U.S.C. § 504, and such other and future relief as this Court deems proper under the circumstances.

Date:  February 13, 2022               Respectfully submitted,

         /s Hashim G. Jeelani
**Hashim G. Jeelani, Esq. (MI0081)**
**JEELANI LAW FIRM, PLC**
**28411 Northwestern Hwy, Suite 875**
**Southfield, MI 48034**
**hashim@jeelani-law.com**
**Phone:(248) 850-7841**
**Fax:(312) 767-9030**
*Counsel for Plaintiff*